Shaw, C. J.
The only question in the present case is, whether the plaintiff, having recovered less than twenty dollars in an action brought originally in the court of common pleas, is entitled to recover full costs, or only one quarter as much as the damage, according to the provision of Rev. Sts. c. 121, § 3. This statute restricts the costs to one quarter of the damage, “in all personal actions brought originally in the court of common pleas, except actions of replevin and of trespass on real estate, and actions on the case for the disturbance of any easement, and all others in which the title to real estate may be concerned.”
The operation of the statutes on this subject is so fully stated in Sawyer v. Ryan, 13 Met. 144, that it is sufficient to refer to that case. In any personal action, not being one of the cases specially excepted, when the plaintiff has sustained a small damage, the law intends that he shall bring his action before the near, cheap, domestic tribunal, at the peril of losing costs, if he fails to recover more than twenty dollars. It is not less a personal action, because the ground of this complaint is damage done to his land. His title to his land is not thereby necessarily drawn in question. But in the course of the trial before the justice, title to real estate may be incidentally drawn in question, as it possibly may be in almost any species of personal action. If that is the case, the justice shall note it on the record, and then, if either party desires it, put not otherwise, the case shall be removed without further *282 proceeding before the justice to the court of common pleas for trial. Rev. Sts. c. 85, § 3, &c. If the defendant desires to have it removed, he does it at the peril of paying full costs, if he does not succeed in making a complete defence against the right of the plaintiff to recover any thing. But unless one of the parties desires to have the case removed, the justice’s jurisdiction is not taken away, but the action proceeds. The term, “ actions in which the title to real estate may be concerned,” among the excepted cases, cannot we think be construed to mean, “ may possibly be concerned,” for that would include all personal actions, and render the exception nugatory ; but must be understood to mean “ actions in which the title to real estate shall in fact be concerned in the particular case.” .
In the present case, no title to real estate was drawn in question, or in any way concerned, and therefore the plaintiff is entitled to a quarter costs only.